IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JERRY LEWIS DEDRICK | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv971 |
| UNITED STATES OF AMERICA | § | |

<u>MEMORANDUM OPINION</u>

Petitioner Jerry Lewis Dedrick, an inmate confined in the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

<u>Discussion</u>

In 2003, pursuant to a plea of guilty entered in the United States District Court for the Western District of Texas, petitioner was convicted of aiding and abetting the possession of more than 50 grams of cocaine base with the intent to distribute. Petitioner was sentenced to a term of 292 months imprisonment and a five year term of supervised release. The sentence was affirmed by the Fifth Circuit in an unpublished opinion. *United States v. Dedrick*, No. 03-50397 (Jan. 23, 2004).

Petitioner subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion to vacate was denied by the trial court on November 8, 2004. *Dedrick v. United States*, No. 04cv46 (W.D. Tex. Dec. 8, 2004).

<u>The Petition</u>

Petitioner brings this petition asserting that he is innocent of the charges against him because a "bogus" indictment was filed

against him. Additionally, petitioner contends he never possessed the drugs as charged. Further, petitioner claims his enhanced sentence was not proper because he did not receive proper notice concerning the career criminal enhancement. Petitioner claims he is barred from filing anything in the Western District of Texas.[1]

## Analysis

Petitioner is not challenging the manner in which his sentence is being executed. Instead, he attacks the legality of his conviction, asserting that he is actually innocent.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver*, 211 F.3d at 877. A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id.* at 877-78. However, there is one exception to this general rule. A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

---

[1] In a previous petition styled *Dedrick v. United States*, No. MO-06-CV-001 (W.D. Tex. Jan. 25, 2006), petitioner was barred from filing (without the express written consent of a United States District Judge) motions, pleadings or other documents that deal with specific claims previously raised concerning his conviction.

As petitioner attacks the legality of his conviction and sentence, his claims are not properly brought in a petition for writ of habeas corpus. A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001). A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878. A petitioner may not utilize § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000). Likewise, petitioner's history of abusive filing which resulted in his filing activity being restricted by the United States District Court should not provide a mechanism for petitioner to utilize § 2241 to contest the validity of his conviction. Further, the sanctions imposed by the Western District of Texas only restrict petitioner from filing documents without the written permission of a district judge, and do not totally bar petitioner from filing.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).

In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Id*. at 904.

Here, petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of § 2255.  Thus, the petition should be dismissed.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be dismissed.  A Final Judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **9** day of **January, 2008.**

_____
Thad Heartfield
United States District Judge